# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PATRICIA M. THOMPSON,     Plaintiff, | )<br>)<br>) |
| v. | ) No. 3:08-CV-251<br>) (Phillips) |
| STATE OF TENNESSEE, et al.,     Defendants. | )<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff, acting *pro se*, has brought this action against the defendants alleging unreasonable search and seizure during a traffic stop, in violation of 41 U.S.C. § 1983. Defendants, pursuant to Rule 12, Federal Rules of Civil Procedure, move for dismissal of all claims against the State of Tennessee, the Tennessee Highway Patrol, the Tennessee Department of Safety, and all claims against defendants Ogle, Velez, Donoho and Bailey in their official capacities. Defendants state that any monetary claims against the State of Tennessee, Tennessee Highway Patrol, Tennessee Department of Safety, and claims against defendants Ogle, Velez, Donoho and Bailey in their official capacities are barred by the Eleventh Amendment and the fact that they are not persons subject to suit under 42 U.S.C. § 1983.

Factual Background

Officers Ogle and Bailey stopped plaintiff for a traffic violation. While the traffic ticket was being investigated and written, the officers saw numerous pill bottles in plaintiff's car, but plaintiff initially denied having any prescription medication. Plaintiff became belligerent and irrational when asked whether the officers could search her vehicle, and initially refused the officers' orders to get out of her vehicle. After plaintiff exited the vehicle, Officer Ogle did a brief pat-down to check for weapons. Plaintiff then admitted that she had medicine and showed the medicine to the officers. Officer Ogle completed the ticket and let plaintiff go about her business.

Plaintiff later made a complaint to the Tennessee Department of Safety regarding the traffic stop and Officer Velez went to plaintiff's place of employment to conduct an interview of plaintiff, but she refused to talk to him. Plaintiff's complaint contains no allegations regarding Officer Donoho.

Analysis

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to

-2-

Case 3:08-cv-00251-TWP-CCS   Document 23   Filed 03/31/09   Page 2 of 5   PageID #: 166

relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Defendants are correct that neither the State of Tennessee nor state officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64 (1989). Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the state has waived its immunity. *Id.* at 66. Tennessee has not waived its immunity under the Eleventh Amendment with respect to civil rights suits. *American Civil Liberties Union v. Tennessee,* 496 F.Supp. 218 (M.D.Tenn. 1980). In addition, the Tennessee Highway Patrol and the Tennessee Department of Safety are state agencies, and suits against state agencies are the same as a suit against the state. *State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Tucker v.*

*Ohio Dept. of Rehabilitation and Correction,* 157 F.3d 453, 456 (6th Cir. 1998). Thus, the Eleventh Amendment bars plaintiff's suit for money damages against the State of Tennessee, the Tennessee Department of Safety, and the Tennessee Highway Patrol.

Moreover, a suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is not different from a suit against the state itself. *Id.* at 71. The Supreme Court's decision in *Will* insulates state employees acting in their official capacities from liability for money damages. *Id.* Defendants Ogle, Velez, Donoho and Bailey are state employees. Following the direction of the Supreme Court in *Will* and *Hans,* any claim for money damages against these defendants in their official capacity is thus barred by the Eleventh Amendment.

For the reasons stated above, the court finds that plaintiff's action against the State of Tennessee, the Tennessee Highway Patrol, the Tennessee Department of Safety, and officers Ogle, Velez, Donoho and Bailey in their official capacities, is not a suit against "persons" subject to suit under § 1983. Accordingly, defendants' motion to dismiss is hereby **GRANTED**, whereby the State of Tennessee, the Tennessee Highway Patrol, the Tennessee Department of Safety, and Kim Ogle, Don Velez, Victor Donoho, and Jackie Bailey, in their official capacities, are **DISMISSED** as defendants in this action.

**IT IS SO ORDERED.**

ENTER:


    <u>s/ Thomas W. Phillips</u>
    United States District Judge